UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
In re:

                                        Index No. 18-73782 (REG)

PATRICIA LAMANNA,
a/k/a PATRICIA ROSE MCCALLAN                   Chapter 7

                         Debtor.
-----------------------------------------------------------------------X

## MOTION FOR AN ORDER:
### (I) AUTHORIZING THE TRUSTEE TO CONDUCT A PUBLIC AUCTION SALE OF CERTAIN RESIDENTIAL REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES; AND (II) APPROVING THE TERMS OF SALE FOR PUBLIC AUCTION SALE

Richard L. Stern, Esq. (the "Trustee"), the chapter 7 trustee of the estate of Patricia Lamanna a/k/a Patricia Rose McCallan (the "Debtor"), moves the Court for an order (the "Motion"): (i) authorizing the Trustee to conduct a public auction sale of the real property located at, and known as, 107 Wilson Place, Bellmore, New York 11710, free and clear of all liens, claims and encumbrances; (ii) approving the terms of sale for the public auction sale; and respectfully sets forth as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion and the relief requested herein pursuant to 28 U.S.C. §§157 and 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (N).

3.      Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

4.      The statutory predicates for relief sought herein include §§105(a), 363, 541, 542 and 704 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5.        On June 4, 2018 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

6.        Thereafter, Richard L. Stern, Esq., was appointed as the interim trustee, duly qualified, and was appointed permanent trustee of the Debtor's estate.

7.        Debtor's Petition states that the Debtor is the fee simple owner of the real property located at, and known as, 107 Wilson Place, Bellmore, New York 11710 (the "Real Property"). A copy of the deed evidencing the Debtor's ownership of the Real Property is annexed hereto as **Exhibit A.**

8.        Debtor asserts in the Petition that: (a) the Real Property is valued at approximately $465,000 (the "Fair Market Value"); (b) the balance of the mortgages (collectively, the "Mortgages") encumbering the Real Property is $233,086.54 (the "Mortgag Balance") as follows: (i) a first mortgage in the principal remaining amount of $225,086.54 (the "First Mortgage") owed to Wells Fargo Home Mortgage ("Wells Fargo"); and (ii) a second mortgage in the principal remaining amount of $7,000 (the "Second Mortgage") from the Town of Hempstead Rehabilitation Department (the "Town of Hempstead"); and (c) the Debtor is entitled to a homestead exemption in the amount of $170,825 (the "Homestead Exemption") pursuant to NY CPLR 5206.

9.        Debtor believes that the Trustee can sell the Real Property, free and clear of all liens, claims and encumbrances, pursuant to Bankruptcy Code §363 (a "Bankruptcy Sale"), for an amount sufficient to pay the Debtor's Homestead Exemption and create an estate for unsecured creditors which could not be recognized from the Foreclosure Sale.

10.      On or about July 18, 2018, the Debtor and Trustee entered into a *Stipulation of Settlement* (the "Stipulation"), whereby the Debtor agreed to carve-out $25,000 (the "Carveout")

for the benefit of the Debtor's estate in the event a Bankruptcy Code §363 sale did not produce sufficient proceeds to create an estate.

11.    By motion (the "9019 Motion"), dated July 30, 2018, the Trustee seeks Court approval of the Stipulation and Carveout.

12.    By order, entered July 12, 2018, the Trustee retained Maltz Auctions, Inc. (the "Auctioneer"), as auctioneer to conduct a public auction of the Real Property.

13.    By motion, dated June 21, 2018, the Trustee moved to retain Macco & Stern, LLP, as attorneys for the Trustee, to effect a sale of the Real Property.

14.    In connection with the proposed auction sale, Trustee ordered a last owner, judgment and lien search on the Real Property, which confirmed the existence of several judgment liens (the "Judicial Liens") on the Real Property.  A copy of the judgment and lien search is annexed hereto as **Exhibit B**.

<h3 align="center">RELIEF REQUESTED</h3>

15.    The Trustee believes that it is in the best interest of the Debtor's creditors and estate to conduct a public auction sale of the Real Property (the "Auction Sale").

### *Sale of the Real Property Free and Clear of All Liens, Claims and Encumbrances*

16.    Trustee intends to hold the Auction Sale free and clear of all liens, claims or encumbrances against the Real Property.

17.    Bankruptcy Code §363(b) provides that "[t]he trustee, after notice and a hearing, my use, sell or lease, other than in the ordinary course of business, property of the estate . . ."

18.    Although Bankruptcy Code §363(b) is silent as to the standard for a determining when a sale is appropriate, the Second Circuit Court of Appeals has required that such sale be based on the trustee's business judgment. *See Motorola, Inc. v. Official Comm. Of Unsecured*

*Creditors (In re Iridium Operating LLC)*, 478 F.3d 452 (2d Cir. 2007); *Official Comm. Of Unsecrued Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateagay Corp.)*, 973 F.2d 141 (2d Cir. 1993).

19.    Thus, a chapter 7 trustee has the authority and right to sell non-exempt assets of the Debtor under the Bankruptcy Code if, in his business judgment, such sale is in the best interests of the Debtor's creditors and estate. *See In re Stein,* 281 B.R. 845 (Bankr. S.D.N.Y. 2002); *In re Bakalis*, 220 B.R. 525, (Bankr. E.D.N.Y. 1998).

20.    Bankruptcy Code §704(a) requires that a "trustee shall – (1) collect and reduce to money the property of the estate" in order to "close such estate as expeditiously as possible with best interests of parties in interest."

21.    Bankruptcy Code §363(f) states that:

The trustee may sell property [of the estate] . . . free and clear of any interest in such property of any entity other than the estate, only if –

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such property is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

22.    Bankruptcy Code §363(f) is disjunctive and permits a sale free and clear if any one of the five requirements is met. *Mich. Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1147 n.24 (6th Cir. 1991), *cert. dismissed,* 503 U.S. 978 (1992); *Citicorp. Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988).

23.    Bankruptcy Rule 6004(f)(1) requires that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction."

24.    The Trustee, in his business judgment, has determined that an Auction Sale of the Real Property is in the best interests of the Debtor's estate and creditors.

25.    The Debtor's estate has a guaranteed benefit from the Carveout with the Debtor if the property yields an expected sale value and this court confirms such a sale.

26.    Additionally, if the Real Property sells for the Fair Market Value asserted in the Petition, there is substantial non-exempt equity to create a larger estate for the Debtor's creditors.

27.    The Auction Sale should generate sufficient income to satisfy the Mortgage and Judgment Liens in full, satisfying the requirements of Bankruptcy Code §363.

28.    The Auction Sale satisfies the Trustee's duty to collect and sell property expeditiously under Bankruptcy Code §704(a)(1).

29.    The Auction Sale and Bid Procedures meet the requirements of Bankruptcy Rule 6004(f)(1).

30.    Based on the foregoing, the Trustee respectfully requests that the Court authorize the Trustee to conduct the Auction Sale of the Real Property.

### *Approval of the Proposed Bid Procedures*

31.    In order to facilitate the Auction Sale, the Trustee prepared proposed bid procedure (the "Bid Procedures"). A copy of the Bid Procedures are annexed hereto as **Exhibit C**.

32.    Trustee asserts that the Bid Procedures are customary, reasonable, and in the best interest of the Debtor's creditors and estate.

33.    Pursuant to the Bid Procedures, to be permitted to bid at the Auction Sale, all prospective bidders must deliver to the Auctioneer a qualifying deposit of $32,500 (the

"Qualifying Deposit") payable to the Trustee, prior to the Auction Sale, which will serve as a good faith deposit against payment of the purchase price.

34.     The Trustee will return any Qualifying Deposit to any unsuccessful bidders, excluding the Successful Bidder (as defined by the Bid Procedures), immediately after the conclusion of the Auction Sale.

35.     In connection with the Auction Sale, the Successful Bidder shall: (a) deliver to the Trustee at least ten (10%) percent of the successful bid price less the Qualifying Deposit (the "Down Payment"), plus the applicable five (5%) percent buyer's premium of the Auctioneer (the "Buyer's Premium"), within forty-eight (48) hours of the Auction Sale; and (b) pay the balance of the purchase price (equal to the difference of the successful bid amount less the Qualifying Deposit and Down Payment already received) to the Trustee at the closing of titled to the Real Property (the "Closing"), with all funds being remitted by bank or cashier's check

36.     Further, the Bid Procedures provide that a Closing for the Real Property occur on a date that is not more than thirty (30) days after the entry of an order approving the sale (the "Approval Order"), time being of the essence.

37.     The Trustee believes that the Bid Procedures provide an appropriate framework for selling the Real Property in an orderly and timely fashion and will enable the Trustee to review, analyze, and compare all of the bid received to determine which bid is in the best interest of the Debtor's estate, its creditors and interest holder, and which bid represents the highest or best offer made for the Real Property.

38.     In advance of the Auction Sale, the Auctioneer will actively market the Auction Sale and the Real Property.

39.    The Auctioneer's marketing campaign will include, among other things, direct telephone and email solicitation, extensive internet advertising, signage and newspaper advertising.

40.    The Auctioneer will design a specific web page for the Auction Sale and place it on its corporate website and will communicate with parties that express interest in the Assets.

41.    Subject to the Court's approval, the Trustee proposes to hold the Auction Sale on a date to and location to be announced at least 30 days in advance on the Auctioneer's website.

42.    In accordance with Bankruptcy Rules 2002 and 6004, the Trustee will cause a notice of intended sale (the "Sale Notice") to be filed and served on the following parties: (i) the Debtor and her counsel; (ii) the Office of the United States Trustee; (iii) the Bank and their attorneys; (iv) all other holders of liens, claims or encumbrances against the Real Property and their attorneys, if any; (v) any party in interest that has served a request for special notice or a notice of appearance pursuant to Bankruptcy Rule 2002; and (vi) all government agencies and taxing authorities required to receive notice of proceeding under the Bankruptcy Rules or whose rights may be affected by the sale of the Real Property.

43.    The Notice of Sale will advise interested parties of, among other things, the date, time and location of the Auction Sale, as well as salient terms of the Bid Procedures.

44.    Based on the foregoing, the Trustee requests that the Court approve the proposed Bid Procedures.

### *A Successful Bidder Is Entitled to Bankruptcy Code §363(m) Protections*

45.    Bankruptcy Code §363(m) provide that:

> The reversal or modification on appeal of an authorization under [Bankruptcy Code §363(b) or (c)]... of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity

knew of the pendency of the appeal, unless such authorization and such sale
or lease were stayed pending appeal.

46.    The Second Circuit has held that the "good faith of a purchaser is shown by the
integrity of his conduct during the course of the sale proceedings . . . . A purchaser's good faith is
lost by fraud collusion between the purchaser and other bidders or the trustee, or an attempt to take
grossly unfair advantage of other bidders." *Licensing by Paolo, Inc. v. Sinatra (In re Gucci)*, 126
F.3d 380 (2d Cir. 1997) (internal quotations omitted).

47.    The Trustee submits that a sale of the Real Property pursuant to be the Bid
Procedures will be an arm's length transaction, in which the Trustee and potential bidders will, at
all times, have acted in good faith.

48.    Bankruptcy Code §363(m), the Bid Procedures, the Auction Sale, and the Approval
Order, when entered, are designed to ensure that the Trustee receives the maximum value while
also allowing all potential purchasers to bid at the Auction Sale.

49.    As such, the Bid Procedures and Auction Sale were proposed in good faith, and the
successful bidder who becomes the ultimate purchaser of the Real Property is entitled to the
protections of Bankruptcy Code §363(m).

50.    For the reasons set forth above, the Trustee, in his business judgment, believes that
approval of the Auction Sale and Bid Procedures is in the best interests of the Debtor's creditors
and estate.

51.    Based on the foregoing, the Trustee requests that the Court approve Bankruptcy
Code §363(m) protections for the Successful Bidder.

## CONCLUSION

52.    Notice of this Motion was served on: (i) the Debtor and her counsel; (ii) the Office
of the United States Trustee; (iii) the Bank and their attorneys; (iv) all other holders of liens, claims

or encumbrances against the Real Property and their attorneys, if any; (v) any party in interest that has served a request for special notice or a notice of appearance pursuant to Bankruptcy Rule 2002; and (vi) all government agencies and taxing authorities required to receive notice of proceeding under the Bankruptcy Rules or whose rights may be affected by the sale of the Real Property; and the Trustee asserts that not further notice is necessary nor required.

53.    No previous request for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that the Court grant the Motion and enter and order: (a) approving the Auction Sale free and clear of all liens, claims, and encumbrances against the Real Property; (b) approving the proposed Bid Procedures; and (c) granting such other, further, and different relief as the Court deems just and proper.

Dated: July 30, 2018
      Islandia, New York

                                     **MACCO & STERN, LLP**
                                     Attorneys for the Trustee

            By:

                                     Cooper J Macco
                                     2950 Express Drive South, Suite 109
                                     Islandia, New York 11749
                                     (631) 549-7900