# EXHIBIT C

# TERMS AND CONDITIONS OF SALE

**PURSUANT TO SECTIONS 363(b) AND 704(a) OF TITLE 11, UNITED STATES CODE, FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004, AND THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK, THE BANKRUPTCY TRUSTEE FOR PATRICIA LAMANNA A/K/A PATRICIA ROSE MCCALLAN WILL SELL THE ESTATE'S INTEREST IN CERTAIN REAL PROPERTY AT AUCTION SALE ON _____ AT _____ EST.**

1. On June 4, 2018 (the "Petition Date"), Patricia Lamanna a/k/a Patricia Rose McCallan (the "Debtor"), filed a voluntary petition for relief under the under chapter 7 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court"), assigned case number 18-73782 (REG).

2. Richard L. Stern, Esq. (the "Trustee") is the duly appointed, qualified, permanent Chapter 7 Trustee of the Debtor's estate.

3. These Terms and Conditions of Sale are promulgated in connection with the authorized public auction sale (the "Auction Sale") of the Debtor's real property located at 107 Wilson Place, Bellmore, New York 11710 (the "Real Property").

4. Maltz Auctions, Inc. d/b/a Maltz Auctions ("Maltz"), the Trustee's Bankruptcy Court retained auctioneer, will conduct the Auction Sale.

5. The Trustee is represented by Macco & Stern, LLP, 2950 Express Drive South, Suite 109, Islandia, New York, 11749, (631) 549-7900.

6. The Auction Sale will be held on _____ at \_\_\_\_ EST (the "Sale Date") at the _____.

7. The Successful Purchaser (as hereinafter defined) of the Real Property, will, at the time and place of the conclusion of the Auction Sale, sign a memorandum of sale (the "Memorandum of Sale") in accordance with these Terms and Conditions of Sale.

8. In order to be permitted to bid on the Real Property, prior to the commencement of the Auction Sale, each prospective bidder ("Bidder") must deliver to Maltz certified or bank check made payable to "Richard L. Stern, Esq., as Chapter 7 Trustee" in an amount of $32,500 (the "Qualifying Deposit"), which shall serve as a partial good faith deposit against payment of the purchase price by such competing bidder as Trustee determines to have made the highest or best bid for the Real Property (the "Successful Purchaser"). Within 48 hours after conclusion of the Auction Sale, the Successful Purchaser shall deliver to the Trustee, by certified check or bank check made payable to "Richard L. Stern, Esq., as Chapter 7 Trustee" or by wire in immediately available federal funds, an amount equal to ten (10%) percent of the high bid realized at Auction Sale minus the Qualifying Deposit (together with the Qualifying Deposit, the "Deposit"), plus a five (5%) percent Buyer's

Premium (as hereinafter defined). The Buyer's Premium shall be deemed to have been earned immediately upon the fall of the hammer and is due within 48 hours after conclusion of the Auction Sale. Failure of the Successful Purchaser to tender the ten (10%) percent Deposit of the high bid at Auction Sale and the Buyer's Premium within 48 hours after conclusion of the Auction Sale shall result in an immediate default under the terms of these Terms and Conditions of Sale and the Memorandum of Sale and shall result in the forfeiture of all earnest monies paid, including the Buyer's Premium. The Successful Purchaser must execute, and thereby agree to be bound by these Terms and Conditions of Sale and the Memorandum of Sale. At the conclusion of the Auction Sale, Maltz will return the Qualifying Deposits to all unsuccessful Bidders.

9. Pursuant to an order of the Bankruptcy Court, the Successful Purchaser is solely responsible to pay Maltz five (5%) percent of the high bid at Auction Sale (the "Buyer's Premium"). The sum of the high bid at Auction Sale and the Buyer's Premium is defined herein as the "Purchase Price".

10. The Successful Purchaser must pay the balance of the Purchase Price for the Real Property to the Trustee by certified check or bank check or by wire in immediately available federal funds. The Successful Purchaser must close title to the Real Property at a date that is no more than thirty (30) days after the Court Approval Date, TIME BEING OF THE ESSENCE as to the Successful Purchaser, although such date may be extended solely by the Trustee. Notwithstanding the foregoing, the Trustee shall grant the Successful Purchaser a single thirty (30) day extension (the "Extension"), at the request of the Successful Purchaser, provided Successful Purchaser posts an additional, non-refundable deposit equal to ten (10%) percent of the Purchase Price prior to the tenth (10th) day following court approval (the "Additional Deposit"). The Additional Deposit shall be made by certified check or bank check made payable to "Richard L. Stern, Esq., as Chapter 7 Trustee" or by wire in immediately available federal funds and, together with the original Deposit, shall be deemed the "Deposit". If Successful Purchaser elects to exercise the Extension, the Closing shall take place on or before the sixtieth (60th) day following court approval, TIME BEING OF THE ESSENCE as to the Successful Purchaser, although such date may be extended solely by the Trustee. If Successful Purchaser elects to exercise the Extension, Successful Purchaser shall be responsible for all real estate taxes incurred from the 30th day after the Court Approval Date through closing and shall pay interest on the Purchase Price at a nine (9%) percent annual rate from the 30th day after the Court Approval Date through to the actual day of closing.

11. If the Successful Purchaser fails to post the total required ten (10%) percent Deposit and five (5%) percent Buyer's Premium within 48 hours following the Auction Sale, or fails to otherwise perform under these Terms and Conditions of Sale ("Successful Purchaser's Default"), the Trustee, in his sole and absolute discretion, shall be authorized to contact the second highest bidder (the "Backup Bidder") to see the Real Property to the Backup Bidder without any further notice or approval of the Bankruptcy Court, without giving credit for the Qualifying Deposit, Deposit and Buyer's Premium forfeited by Successful Purchaser, and upon such other terms and conditions as the Trustee deems appropriate. Thereafter,

the Backup Bidder shall be deemed for all benefits and obligations to be the Successful Purchaser.

12. The closing shall take place at the offices of Macco & Stern, LLP, 2950 Express Drive South, Islandia, New York 11749 (the "Closing").

13. The Successful Purchaser shall pay any and all costs and expenses in connection with the Closing related to obtaining a survey; fee title or mortgage insurance; title company endorsement, search and escrow charges; environmental, engineering or other Property inspections; appraisals, reports and other costs of Property due diligence; and County, State, City, or other real property transfer, deed or documentary tax, or other taxes imposed upon the sale due in connection with the transfer of the Real Property from the Trustee at Closing. The Successful Purchaser acknowledges that they will be responsible for the completion of any ACRIS forms, if required. The Trustee shall not be required to execute any form of title affidavit (but may in its sole and absolute discretion) and all title exceptions customarily omitted from a title policy on account of such title affidavit shall be deemed permitted exceptions. The Successful Purchaser acknowledges that it will be responsible for the preparation of all Closing documents required including, but not limited to, transfer tax forms. In connection with the Closing and Closing date, the Successful Purchaser is hereby given notice that **TIME IS OF THE ESSENCE against the Successful Purchaser and the failure of the Successful Purchaser to close for any reason whatsoever (except as otherwise provided herein) including its failure to pay the balance of the Purchase Price on the Closing date, will result in an immediate forfeiture of the Deposit and Buyer's Premium and the termination of the Successful Purchaser's right to acquire the Real Property under these Terms and Conditions of Sale and the Memorandum of Sale**. The Successful Purchaser shall be obligated to close title to the Real Property and, except as expressly set forth herein, there is no contingency of any kind or nature that will permit the Successful Purchaser to cancel or avoid its obligation under these Terms of and Conditions of Sale and the Memorandum of Sale other than the Trustee's inability to deliver insurable title to the Real Property. Further, the Successful Purchaser shall have demonstrated, to the satisfaction of Maltz and the Trustee, evidence of its ability to conclude the transaction upon these Terms and Conditions of Sale and the Memorandum of Sale, without delay. The Trustee reserves the right to reject any Purchaser or Bidder who the Trustee believes, in its sole discretion, is not financially capable of consummating the purchase of the Real Property. Expenses incurred by the Successful Purchaser, or any other Bidder, concerning any due diligence shall be the sole responsibility of such Bidder and, under no circumstances shall Maltz, the Trustee, the Debtor or their professionals be responsible for, or pay, such expenses.

14. The Successful Purchaser has five (5) days from the Date upon which the Trustee files a Motion with the Bankruptcy Court seeking approval of the Auction Sale (the "Filing Date") to order title, copy of which shall promptly be provided to the Trustee's attorneys. The Successful Purchaser has twenty (20) days from the Filing Date to advise the Trustee's attorneys (via email to cmacco@maccosternlaw.com) of any and all title issues or defects that would in any way be an impediment to the Closing on the sale of the Real Property. Failure of the Successful Purchaser to advise Trustee's attorneys within twenty (20) days

from the Court Approval Date of any such title issues or defects shall be deemed a waiver of any and all rights to raise any such title issues or defects, with Trustee reserving the right to specify a particular title company to insure title, provided said company is licensed in the State of New York.

15. The only commission that will be paid is to the Licensed Real Estate Broker, who registers the Successful Purchaser in accordance with the Broker Participation Agreement and has received confirmation of receipt and acknowledgement of valid registration by Maltz.

16. The Successful Purchaser shall be entitled to collect past due rents, if any, and shall not receive an adjustment for security deposits, if any, at closing.

17. Maltz, the Trustee and the Debtor and their professionals have not made and do not make any representations or warranties as to the physical condition, expenses, operations, value of the land or buildings thereon, or any other matter or thing affecting or related to the Real Property or this Auction Sale, which might be pertinent to the purchase of the Real Property, including, without limitation, (i) the current or future real estate tax liability, assessment or valuation of the Real Property; (ii) the potential qualification of the Real Property for any and all benefits conferred by or available under federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (iii) the compliance or non-compliance of the Real Property, in its current or any future state, with applicable present or future zoning ordinances or other land use law or regulation, or the ability to obtain a change in the zoning or use, or a variance in respect to the Real Property; (iv) the availability of any financing for the purchase, alteration, rehabilitation or operation of the Real Property from any source, including, but not limited to, any state, city or federal government or institutional lender; (v) the current or future use of the Real Property; (vi) the current or future rents, other operating incomes or expenses; (vii) the presence or absence of any laws, ordinances, rules or regulations issued by any governmental authority, agency or board and any violations thereof; (viii) the compliance or non-compliance with environmental laws and the presence or absence of underground fuel storage tanks, any asbestos, any lead paint or other hazardous materials anywhere on the Real Property, or notes or notices of violations of law or municipal ordinances, orders or requirements noted or issued by any governmental department, agency or bureau having authority as to but not limited to lands, housing, buildings, fire, health, environment and labor conditions affecting the Real Property. Each Bidder hereby expressly agrees and acknowledges that no such representations or warranties have been made. Maltz, the Trustee, the Debtor and their professionals shall not be liable or bound in any manner by expressed or implied warranties, guarantees, promises, statements, representations or information pertaining to the Real Property, made or furnished by Maltz, the Trustee or the Debtor or any real estate broker, agent, employee, servant or other person or professional representing or purporting to represent Maltz, the Trustee or Debtor unless such warranties, guaranties, promises, statements, representations or information are expressly and specifically set forth in writing within these Terms and Conditions of Sale and the Memorandum of Sale.

18. The Real Property is being sold "AS IS" "WHERE IS", "WITH ALL FAULTS", without any representations, covenants, guarantees or warranties of any kind or nature, and free and clear of any liens, claims, or encumbrances of whatever kind or nature, with such liens, if any, to attach to the proceeds of sale in such order and priority as they existed immediately prior to the Closing, and sale of the Real Property is subject to, among other things (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; (e) environmental conditions and (f) existing tenancies at time of closing; provided, however, **the Real Property shall be delivered free and clear of any and all monetary liens**. By delivering their respective Qualifying Deposits, all Bidders acknowledge that they have had the opportunity to review and inspect the Real Property, the state of title thereof and laws, rules and regulations applicable thereto, and will rely solely thereon and on their own independent investigations and inspections of the Real Property in making their bids. Neither Maltz, the Trustee, the Debtor nor any of their collective representatives makes any representations or warrantees with respect to the permissible uses of the Real Property including, but not limited to, the zoning of the Real Property. All Bidders acknowledge that they have conducted their own due diligence in connection with the Real Property and are not relying on any information provided by Maltz, the Trustee, the Debtor, or their professionals. The Property will be sold subject to any and all violations requiring corrective action.

19. The Trustee shall convey the Real Property by delivery of a Trustee's deed without covenants.

20. The Trustee shall deliver the Real Property vacant of tenancies and occupancies at Closing.

21. Nothing contained in these Terms and Conditions of Sale is intended to supersede or alter any provisions of the Bankruptcy Code or otherwise interfere with the jurisdiction of the Bankruptcy Court. All of the terms and conditions set forth in these Terms and Conditions of Sale are subject to modification as may be directed by the Trustee or by the Court. The Trustee reserves the right to modify these Terms and Conditions of Sale at the Auction Sale or thereafter to maintain consistency with the provisions of the Bankruptcy Code and/or prior orders of the Court.

22. These Terms and Conditions of Sale will be read into the record, or specifically incorporated by reference, at the Auction Sale of the Real Property. By making a bid for the Real Property, all Bidders will be deemed to have acknowledged having read and understood these Terms and Conditions of Sale and have agreed to be bound by them.

23. If the Trustee is unable to deliver the Real Property in accordance with these Terms and Conditions of Sale for any reason whatsoever, the Trustee's and Maltz' only obligation will be to refund the Deposit and Buyer's Premium, without interest, to the Successful Purchaser and upon such refund, the Successful Purchaser will have no claim or recourse against the Trustee, Maltz, the Debtor or their professionals and shall have no further rights under these Terms and Conditions of Sale or Memorandum of Sale.

24. The Auction Sale of the Real Property is subject to confirmation by the Trustee. Trustee shall notify the Successful Purchaser whether the Auction Sale is confirmed.

25. The Bankruptcy Court shall determine any disputes concerning the Auction Sale of the Real Property. By participating in the Auction Sale, all Bidders, including the Successful Purchaser and the New Successful Purchaser, consent to the jurisdiction of the Bankruptcy Court to determine such disputes under the Debtor's pending case.

I have read these Terms and Conditions of Sale and agree to be bound by them.

By: _____

Print Name: _____

Dated: _____

## MEMORANDUM OF SALE – SUCCESSFUL PURCHASER

High Bid Realized at Auction Sale: _____

5% Buyer's Premium: _____

**Purchase Price:** _____

The undersigned has this ____ day of _____, 2018, agreed to purchase the real property located at 107 Wilson Place, Bellmore, New York 11710 (the "Real Property") of Patricia Lamanna a/k/a Patricia Rose McCallan (the "Debtor") and sold by Richard L. Stern, Esq., the Chapter 7 Trustee of the Debtor for the sum of $_____
DOLLARS and hereby promises and agrees to comply with the annexed Terms and Conditions of Sale of the Real Property and this Memorandum of Sale.

_____        _____
SUCCESSFUL PURCHASER (Signature)        SUCCESSFUL PURCHASER (Signature)

_____        _____
PRINT NAME                              PRINT NAME

_____        _____
ADDRESS                                 ADDRESS

_____        _____
ADDRESS (City, State, Zip)              ADDRESS (City, State, Zip)

_____        _____
TELEPHONE NUMBER                        TELEPHONE NUMBER

_____        _____
EMAIL ADDRESS                           EMAIL ADDRESS

Received from _____ the sum of $_____ DOLLARS, as a non-refundable deposit for the purchase of the Real Property pursuant to the Terms and Conditions of Sale.

This is to verify that the final Purchase Price in the above sale was for the sum of $_____.

_____
MALTZ AUCTIONS, INC.

### SUCCESSFUL PURCHASER ATTORNEY INFORMATION

Name       _____
Address    _____
Phone      _____
Email      _____